IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Richard Pacheco, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 8514 |
| Professional Recovery Services, Inc., a New Jersey corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Richard Pacheco, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Richard Pacheco ("Pacheco"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt he allegedly owed for a Bank of America/FIA account. These collection actions took place despite the fact that he had told the Defendants that he refused to pay the debt, and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD").

4. Defendant, Professional Recovery Services, Inc. ("PRS"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant PRS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5 Defendant PRS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PRS conducts business in Illinois.

6. Moreover, Defendant PRS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRS acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Pacheco is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a Bank of America/FIA account. When PRS began trying to collect this debt from Mr. Pacheco, by sending him a collection letter, dated March 7, 2013, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant PRS's collection actions. A copy of this letter is attached as Exhibit C.

8. Accordingly, on April 9, 2013, one of Mr. Pacheco 's attorneys at LASPD

informed PRS that Mr. Pacheco was represented by counsel, and directed PRS to cease contacting him, and to cease all further collection activities because Mr. Pacheco was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Undeterred, during May, 2013, Defendant PRS repeatedly called Mr. Pacheco to demand payment of the alleged Bank of America/FIA debt. This forced Mr. Pacheco's LASPD attorney to send PRS yet another letter, on May 13, 2013, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

10. Moreover, this caused Mr. Pacheco to sue Defendant on July 1, 2013, in the Northern District of Illinois for the above violations of the FDCPA, in a matter styled Pacheco v. Professional Recovery Services, No. 13-C-4759 (N.D. Ill.). This lawsuit was settled via an agreement dated July 22, 2013, and the case was dismissed pursuant to that agreement on August 5, 2013.

11. Unbelievably, on October 11, 2013, Defendant PRS sent a collection letter directly to Mr. Pacheco, demanding payment of the same Bank of America/FIA debt. A copy of this collection letter is attaches as Exhibit F.

12. Defendant's collection actions complained of herein (Exhibit F) occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letters from Mr. Pacheco's legal aid attorney at LASPD (Exhibits D and E), as well as the prior lawsuit, told Defendant PRS to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment (Exhibit F), Defendant PRS violated § 1692c(c) of the FDCPA.

17. Defendant PRS's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant knew that Mr. Pacheco was represented by counsel in connection with his debts because his attorneys at LASPD had informed PRS, in writing

4

(Exhibits D and E), that Mr. Pacheco was represented by counsel, and had directed a cessation of communications with Mr. Pacheco.  Moreover, the prior lawsuit reiterated this fact.  By directly writing Mr. Pacheco (Exhibit F), despite the repeated notices that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

21.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Richard Pacheco, prays that this Court:

1.     Find that Defendant's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Pacheco, and against Defendant PRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Richard Pacheco, demands trial by jury.

Richard Pacheco,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  November 25, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com